## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Angel A., | Case No. 26-CV-0777 (SRN/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Todd M. LYONS, in his capacity as Acting Director, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General; Daren MARGOLIN, Executive Office for Immigration Review; David EASTERWOOD, Field Office Director of St. Paul Field Office for U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, | |
| Respondents. | |

Shana Lei Drengenberg, Anderson & Anderson Law Firm, 2900 Washington Ave. N., Minneapolis, MN 55411, for Petitioner

Ana H. Voss, United States Attorney's Office, 300 S. 5th St., Ste. 600, Minneapolis, MN 55415, and Jesus Cruz Rodriguez, DOJ-USAO, 7510 NW Tango Rd., Ste. D7, Lawton, OK 73503, for Respondents

SUSAN RICHARD NELSON, United States District Judge

Petitioner Angel A., a citizen of Mexico and resident of Minnesota, was detained by Immigration and Customs Enforcement ("ICE") on January 11, 2026, and is now detained in a facility in Milan, New Mexico.  (Pet. [Doc. No. 1]) at 3.)  He brings this habeas action seeking release, or in the alternative, a bond hearing.

The Court ordered Respondents to file a substantive answer to the Petition for Writ of Habeas Corpus no later than January 30, 2026, addressing, *inter alia*, the true cause and proper duration of Petitioner's confinement and whether a warrant was issued preceding his arrest. (Jan. 28, 2026 Order to Show Cause [Doc. No. 3] ¶ 1.) Respondents failed to submit a timely answer. In Petitioner's Reply, he noted Respondents' failure to comply with the Court's order, including the failure to produce a warrant, and requested his immediate release. (Reply [Doc. No. 5] at 2–3.)

On February 2, 2026—three days after Respondents' filing deadline, and after Petitioner had timely filed his Reply—Respondents submitted an untimely response. Respondents apologized for missing the deadline, stating, "[t]he Civil Division of the U.S. Attorney's Office in this district has been utterly overwhelmed by the number of recent habeas petitions in Minnesota, during a time when the Office is short staffed." (Resp'ts' Opp'n [Doc. No. 6] at 1.) Respondents argue that the Petition should be dismissed for improper venue or transferred to the District of New Mexico. (*Id.*) Notwithstanding those arguments, Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. (*Id.*)

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "An exception is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana*

*M.Y.M. v. Easterwood*, No. 26-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026).  This exception does not apply here, as it is clear that petitioner was detained in New Mexico at the time he filed this petition.  (Pet. at 3.)  Accordingly, the Court lacks jurisdiction over his petition and will transfer it to the District of New Mexico.  The Court simply notes for the transferee court that Respondents' answer to the Petition was untimely.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT this matter is TRANSFERRED to the United States District Court for the District of New Mexico.

Dated: February 2, 2026                              s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge